IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| B&B PROSPECTOR PROPERTIES, LLC<br><br>        Plaintiff,<br><br>v.<br><br>JOS DANIEL d/b/a/ CELLUVATION, et al.,<br><br>        Defendants. | MEMORANDUM DECISION AND ORDER DENYING MOTION FOR PREJUDGMENT WRIT OF GARNISHMENT<br><br>Case No. 2:23-cv-00416-JNP-DAO<br><br>District Judge Jill N. Parrish |

Before the court is plaintiff B&B Prospector Properties, LLC's ex parte motion for a prejudgment writ of garnishment. ECF No. 21. The court DENIES the motion.

B&B obtained a default judgment against Jos Daniel and Celluvation in state court for breach of a lease agreement. B&B has been unable to collect the full amount of the judgment against Daniel and Celluvation. B&B alleges that since entry of the judgment, Daniel has created over a dozen limited liability companies and corporations. B&B filed a lawsuit in this court, naming Daniel and 15 separate business entities created by Daniel as defendants. B&B asserts claims for alter ego liability and voidable transfer against the defendants and argues that the business entities should be jointly liable for the amount due under the default judgment.

Shortly after filing this lawsuit, B&B moved for a prejudgment writ of garnishment directing banks to freeze funds held in accounts controlled by the defendant business entities. Rule 64 of the Federal Rules of Civil Procedure requires the court to apply Utah law regarding writs of garnishment. The court therefore looks to Rules 64A and 64D of the Utah Rules of Civil Procedure for the appropriate standard for entering such a writ. Rule 64A provides the general requirements

for entering a prejudgment writ, while Rule 64D provides the specific requirements for entering a prejudgment writ of garnishment. The requirements for both Rule 64A and 64D must be satisfied before this court may enter a prejudgment writ of garnishment. The combined requirements of these two rules include:

1. "that the property [to be garnished] is not earnings and not exempt from execution";

2. "that the writ is not sought to hinder, delay or defraud a creditor of the defendant";

3. "a substantial likelihood that the plaintiff will prevail on the merits of the underlying claim";

4. "that the defendant is indebted to the plaintiff";

5. "that the action is upon a contract or is against a defendant who is not a resident of this state or is against a foreign corporation not qualified to do business in this state";

6. "that payment of the claim has not been secured by a lien upon property in this state";

7. "that the garnishee possesses or controls property of the defendant"; and

8. "that the plaintiff has attached the garnishee fee established by Utah Code Section 78A-2-216."

UTAH R. CIV. P. 64A(c) & 64D(b). In addition, the movant must satisfy at least one of the seven requirements listed in Rule 64A(c)(4) through (c)(10). One of these requirements is "probable cause of losing the remedy unless the court issues the writ." *Id.* 64A(c)(10).

The court finds that B&B has not satisfied the requirement that the action be upon a contract or against a foreign corporation not qualified to do business in Utah. First, this lawsuit is not an action upon a contract. Indeed, there is no allegation that any of the business entities that B&B seeks to hold jointly liable ever had a contractual relationship with it. Instead, B&B seeks to impose liability based on alter ego and fraudulent transfer theories. B&B argues that the action upon a

contract requirement has been met because the underlying judgment that it seeks to enforce is based on the breach of the lease agreement. But the language of the Utah rule is clear. "[T]he action" must be "upon a contract." UTAH R. CIV. P. 64D(b)(2). The litigation before this court must be upon a contract—not a previous action before another court.

Second, B&B has not shown that the defendants are foreign corporations that are not qualified to do business in Utah. Although 13 of the 15 business entity defendants are foreign corporations that were formed under the laws of another state, B&B has not produced any evidence that these foreign corporations are not qualified to do business in Utah. Absent any evidence to this effect, B&B has failed to carry its burden to show that this alternative requirement has been satisfied.

Thus, because B&B has not satisfied all of the requirements for a prejudgment writ of garnishment, its motion is denied.

DATED October 12, 2023.

BY THE COURT

Jill N. Parrish
United States District Court Judge

3