UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| B&B PROSPECTOR PROPERTIES, LLC, a Florida limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>JOS DANIEL dba CELLUVATION, et al.,<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTION FOR ALTERNATIVE SERVICE (DOC. NO. 50)**<br><br>Case No. 2:23-cv-00416<br><br>District Judge Jill N. Parrish<br><br>Magistrate Judge Daphne A. Oberg |

Plaintiff B&B Prospector Properties, LLC filed a motion for alternative service on Defendants Aeviternal International Inc. dba Celluvation; Rinnovare, LTD.; Malibu Cliffside, LLC; Green Lives International Inc.; Energetic Interactions Enterprises Group; Elevated Artisans, LLC dba Celluvation; and Jos Daniel dba Celluvation.[1] B&B seeks leave to serve its amended complaint and summonses on these defendants digitally via four email addresses and by mail to two physical addresses.[2] Because B&B has failed to demonstrate it tried diligently to serve each defendant or that the proposed methods of service are reasonably calculated to provide actual notice of this action, B&B's motion for alternative service[3] is DENIED without prejudice.

---

[1] (Pl.'s Ex Parte Mot. for Alt. Serv. ("Mot."), Doc. No. 50.)

[2] (*Id.* at 2.)

[3] (Doc. No. 50.)

1

BACKGROUND

On June 27, 2023, B&B filed this action against Jos Daniel and a number of corporate entities, seeking to impute a prior state court judgment against Mr. Daniel and Vega International Inc. dba Celluvation to the corporate entities and to obtain an injunction prohibiting Defendants from creating new corporate entities to hide assets.[4] On July 14, 2023, B&B filed an amended complaint, which, along with summonses, B&B now seeks to serve on the seven remaining unserved defendants.[5]

LEGAL STANDARDS

Rule 4(h) of the Federal Rules of Civil Procedure governs service of a corporation, partnership, or other unincorporated entity. This rule permits service of an entity in the United States "in the manner prescribed by Rule 4(e)(1) for serving an individual," or "by delivering a copy of the summons and of the complaint to an officer, [or] a managing or general agent."[6] And Rule 4(e)(1) provides that service on an individual may be completed by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made."[7] Because B&B filed this action in the District of Utah, Utah law applies.

As relevant here, the Utah Rules of Civil Procedure permit service of an individual by "delivering a copy of the summons and complaint to the individual personally, or by leaving

---

[4] (*See* Compl., Doc. No. 1.)

[5] (*See* First Am. Compl., Doc. No. 28; Mot. 2, Doc. No. 50.) On November 13, 2023—after the motion for alternative service was filed—B&B filed a second amended complaint adding a new defendant. (*See* Second Am. Compl., Doc. No. 65.)

[6] Fed. R. Civ. P. 4(h)(1)(A)–(B).

[7] Fed. R. Civ. P. 4(e)(1).

them at the individual's dwelling house or usual place of abode with a person of suitable age and discretion who resides there."[8]  A corporation may be served "by delivering a copy of the summons and complaint to an officer, [or] a managing or general agent."[9]  But "[i]f the identity or whereabouts of the person to be served are unknown and cannot be ascertained through reasonable diligence . . . or if there is good cause to believe that the person to be served is avoiding service, the party seeking service may file a motion to allow service by some other means."[10]  The motion must include "[a]n affidavit or declaration supporting the motion [setting] forth the efforts made to identify, locate, and serve the party."[11]  The method of service must be "reasonably calculated, under all the circumstances, to apprise the named parties of the action."[12]

ANALYSIS

As explained below, B&B demonstrated diligent efforts to locate and serve only two of the defendant corporate entities: Aeviternal and Rinnovare.  B&B has not demonstrated diligent efforts to locate and serve the rest of the defendants.  B&B also failed to show its proposed methods of service—physical and email service aimed only at Mr. Daniel—are reasonably calculated to apprise any defendants of the action.  Because B&B has failed to demonstrate it tried diligently to serve each defendant and failed to provide a reasonably calculated means of

---

[8] Utah R. Civ. P. 4(d)(1)(A).

[9] Utah R. Civ. P. 4(d)(1)(E).

[10] Utah R. Civ. P. 4(d)(5)(A).

[11] *Id.*

[12] Utah R. Civ. P. 4(d)(5)(B).

service for each defendant, B&B's Motion for Alternative Service[13] is denied without prejudice. B&B's efforts as to each defendant are discussed in turn.

***Jos Daniel dba Celluvation***: B&B's efforts to serve Mr. Daniel were not reasonably diligent. B&B attempted to serve Mr. Daniel at what it claims (without explanation) is his "last known address."[14] Counsel asserts the address "is a UPS store."[15] But in B&B's process server's affidavit regarding attempted service on Mr. Daniel, the server does not even mention UPS.[16] Rather, the server merely indicates an inability to locate the suite number at the address.[17] Further, B&B provided no evidence of any additional efforts to locate a current address for Mr. Daniel. Where this single failed attempt constitutes the sum total of B&B's efforts to serve Mr. Daniel, its efforts were not reasonably diligent.

Moreover, B&B has not shown its proposed methods of service are reasonably calculated to apprise Mr. Daniels of this action. B&B seeks to serve Mr. Daniel by mail to two physical addresses and by email to four email addresses.[18] B&B asserts that because Mr. Daniel has allegedly used these addresses at sporadic times over the last decade, these methods are

---

[13] (Doc. No. 50.)

[14] (Mot. 7, Doc. No. 50.) Mr. Daniel used this address in an unrelated 2023 case pending in the District of Utah where Mr. Daniel is the plaintiff, and in an unrelated 2020 case in the Western District of Washington where Mr. Daniel is the defendant. (*See id.* at 9 n.2.)

[15] (*Id.* at 7.)

[16] (*See* Ex. N to Mot., Daniel Non-Serv. Aff., Doc. No. 50-14 at 2.)

[17] (*See id.*)

[18] The addresses B&B seeks to serve by mail are 10775 Double R Blvd., Ste. 888, Reno, NV 89521; and 4240 Greenburg Pike Ste. 200, Pittsburgh, PA, 15221. (Mot. 10, Doc. No. 50.) The addresses B&B seeks to serve by email are jos888@pm.me; iilieic2001@protonmail.com; support@celluvation.us; and josdaniel888@gmail.com. (*Id.*)

reasonably calculated to apprise Mr. Daniel of this action.[19] Specifically, B&B asserts the physical addresses are associated with Mr. Daniel in corporate filings for some of the defendant entities: one address is listed as Celluvation's[20] address on its website, and the other address is listed on the 2016 registration for an Elevated Artisans trademark owned by Mr. Daniel.[21] Regarding the email addresses, B&B alleges Mr. Daniel has used two of them in unrelated court cases over the last four years and listed one on the Elevated Artisans trademark registration.[22] The other email address is listed on Celluvation's webpage.[23] But B&B has not attempted to show either of the physical addresses at which it proposes mail service are current, nor has B&B attempted to send an email to any of the email addresses to see if they are current or valid. Because B&B has not attempted to establish any of these addresses are valid and current, B&B has not shown its proposed methods of mail and email service are reasonably calculated to apprise Mr. Daniel of this action.

*Aeviternal*: B&B's efforts to serve Aeviternal were reasonably diligent. A process server attempted to serve Aeviternal at the Las Vegas, Nevada address at which Aeviternal is registered.[24] The process server could not find the suite listed at the address and the building manager indicated he did not recognize the name Aeviternal.[25] Because B&B attempted service

---

[19] (*See id.* at 8–9.)

[20] Celluvation is the d/b/a designation Mr. Daniel uses.

[21] (Mot. 9–10, Doc. No. 50.)

[22] (*Id.*)

[23] (*Id.* at 9.)

[24] (*Id.* at 5.)

[25] (*Id.*)

at Aeviternal's only currently registered address, B&B's efforts to serve Aeviternal were reasonably diligent.

However, B&B has not demonstrated its proposed method of service is reasonably calculated to apprise Aeviternal of this action. B&B does not intend to attempt to serve Aeviternal itself; rather, B&B proposes serving Aeviternal via service on Mr. Daniel as set forth above.[26] B&B asserts service on Mr. Daniel is reasonably calculated to apprise Aeviternal of this action because Aeviternal holds (or at least held) a lease for a "virtual office" signed by Howard Harbottle in 2018, who B&B asserts "is believed to be a pseudonym used by [Mr.] Daniel."[27] But B&B provides no evidence for this assertion, other than a parenthetical that Mr. Harbottle's handwriting "looks suspiciously similar to [Mr.] Daniel's."[28] Mr. Harbottle did list Mr. Daniel—and Celluvation and Malibu Cliffside (other entities allegedly run by Mr. Daniel)— as authorized to receive mail at the address.[29] But unless Mr. Harbottle is established to be Mr. Daniel's alias, the fact that Mr. Harbottle permitted Mr. Daniel and two other entities to receive mail there is feeble evidence that service on Mr. Daniel would apprise Aeviternal of the action.[30] Because B&B has not established a clear link between Aeviternal and Mr. Daniel, B&B failed to

---

[26] (*See id.* at 10.)

[27] (*Id.* at 8.)

[28] (*Id.*)

[29] (*Id.*; Ex. O to Mot., AEVOS Off. Suite Docs., Doc. No. 50-15 at 6.)

[30] Moreover, Mr. Harbottle has numerous physical and email addresses provided throughout B&B's exhibits that B&B has not attempted to serve. (*See* Ex. O to Mot., AEVOS Off. Suite Docs., Doc. No. 50-15 at 6; Ex. P to Mot., Malibu/ABCD Colo. Registration, Doc. No 50-16 at 6–7.) If B&B was convinced Mr. Harbottle is Mr. Daniel's alias, perhaps it would have attempted to serve at least one of Mr. Harbottle's addresses.

show service on Mr. Daniel via mail and email is reasonably calculated to apprise Aeviternal of this action.

***Rinnovare***: B&B's efforts to serve Rinnovare were reasonably diligent. A process server attempted to serve Rinnovare at the Milpitas, California address at which Rinnovare is registered.[31] The process server reported a sign on the door at this address, saying "Telecom Data Wireless"—and the building was locked and vacant each of the six times the process server attempted service.[32] Because B&B tried six times to serve Rinnovare at its only currently registered address, B&B's efforts to serve Rinnovare were reasonably diligent.

However, B&B has not demonstrated its proposed method of service is reasonably calculated to apprise Rinnovare of this action. B&B does not intend to attempt to serve Rinnovare itself; rather, B&B proposes serving Rinnovare via service on Mr. Daniel as set forth above.[33] B&B claims service on Mr. Daniel is reasonably calculated to apprise Rinnovare of this action because Mr. Daniel signed a contract on behalf of Rinnovare in 2020.[34] However, without more, a single contract from three years ago does not establish that service on Mr. Daniel via mail and email is reasonably calculated to apprise Rinnovare of this action.

***Malibu Cliffside***: B&B's efforts to serve Malibu Cliffside were not reasonably diligent. A process server attempted to serve Malibu Cliffside at the Las Vegas, Nevada address listed for service in the company's registration.[35] The receptionist at the address said the business has

---

[31] (Mot. 5, Doc. No. 50.)

[32] (*Id.*; *see* Ex. E to Mot., Rinnovare Non-Serv. Aff., Doc. No. 50-5 at 2.)

[33] (*See* Mot. 10, Doc. No. 50.)

[34] (*Id.* at 8.)

[35] (*See id.* at 5.)

"resigned as registered agent and will not accept service."[36] However, B&B has not attempted to serve the five other managers, each with addresses listed on Malibu Cliffside's Nevada corporate registration.[37] Because B&B only attempted service at one address for Malibu Cliffside and did not attempt service at any other manager's address, its efforts to serve Malibu Cliffside were not reasonably diligent.

Moreover, B&B has not shown its proposed methods of service are reasonably calculated to apprise Malibu Cliffside of this action. B&B does not intend to attempt to serve Malibu Cliffside itself; rather, B&B proposes serving Malibu Cliffside via service on Mr. Daniel as set forth above.[38] B&B claims service on Mr. Daniel is reasonably calculated to apprise Malibu Cliffside of this action because Mr. Harbottle listed Malibu Cliffside as receiving mail through the virtual office lease for Aeviternal.[39] B&B also cites an unlabeled page of an exhibit to argue that Malibu Cliffside is listed as "Additional Registrar" for ABCD Corporation, whose principal is Mr. Harbottle.[40] Even if this established Mr. Harbottle controls Malibu Cliffside, without first establishing a link between Mr. Harbottle and Mr. Daniel, B&B failed to show service on Mr. Daniel via mail and email is reasonably calculated to apprise Malibu Cliffside of this action.

***Green Lives International***: B&B's efforts to serve Green Lives were not reasonably diligent. A process server attempted to serve Green Lives at the Park City, Utah address at

---

[36] (Ex. G to Mot., Malibu Cliffside Non-Serv. Aff., Doc. No. 50-7 at 2.)

[37] (*See* Ex. F to Mot., Malibu Cliffside Nev. Registration, Doc. No. 50-6 at 3–4.) It is also unclear from the exhibit, which appears to be incomplete, whether there are more managers—in addition to the five listed—who B&B has neglected to attempt to serve.

[38] (*See* Mot. 10, Doc. No 50.)

[39] (*Id.* at 8.)

[40] (*Id.*; *see* Ex. P to Mot., Malibu/ABCD Registrations, Doc. No. 50-16 at 4.)

which Green Lives was formerly registered, but could not find the listed unit at the address.[41] Citing its process server's affidavit, B&B again states the address "is a UPS store."[42] While the affidavit is unclear, it does not appear the process server claims the address *is* a UPS store. Rather, the server merely says she "talked to John Doe from UPS first, to see if they knew anything about [Green Lives.]"[43] Further, Green Lives' registration expired and was voluntarily withdrawn in 2020.[44] Where B&B conflates its own evidence and made a single attempt to serve at an address from a registration expiring years ago, its efforts to serve Green Lives were not reasonably diligent.

Moreover, B&B has not shown its proposed methods of service are reasonably calculated to apprise Green Lives of this action. B&B does not intend to attempt to serve Green Lives itself; rather, B&B proposes serving Green Lives via service on Mr. Daniel as set forth above.[45] B&B claims service on Mr. Daniel is reasonably calculated to apprise Green Lives of this action because Mr. Daniel is the signor on a Green Lives bank account from 2019.[46] Under the

---

[41] (*See* Mot. 6, Doc. No. 50; Ex. I to Mot., Green Lives Int'l Non-Serv. Aff., Doc. No. 50-9 at 2.) Green Lives' registration expired in 2020, and its registration status is listed as "Voluntarily Withdrawn." (*See* Ex. H to Mot., Green Lives Int'l Profile, Doc. No. 50-8 at 2.)

[42] (Mot. 6, Doc. No. 50.)

[43] (Ex. I to Mot., Green Lives Non-Serv. Aff., Doc. No. 50-9 at 2.)

[44] (*See* Ex. H to Mot., Green Lives Int'l Utah Profile, Doc. No. 50-8 at 2.)

[45] (*See* Mot. 10, Doc. No. 50.)

[46] (*Id.* at 9; *see* Ex. T to Mot., MACU Signature Cards, Doc. No. 50-20.)

circumstances, this is insufficient to show service on Mr. Daniel via mail and email is reasonably calculated to apprise Green Lives of this action.

***Energetic Interactions Enterprises Group***: B&B's efforts to serve Energetic Interactions were not reasonably diligent. Energetic Interactions was registered in California, but the entity's status was "terminated" in 2017.[47] A process server attempted to serve Energetic Interactions at the San Gabriel, California suite at which the agent for Energetic Interactions (Mr. Daniel) is listed, but the suite number (11217) did not exist at the address.[48] The process server spoke to a businessowner at unit 112 who said her business had been in that unit for two years.[49] However, B&B has not attempted service at the Pittsburgh, Pennsylvania address listed on the entity's registration (which expired in 2009) as its "principal " and "mailing" address.[50] And B&B is aware of this address, since it is one of the addresses to which B&B proposes service by mail.[51] Where B&B only attempted to serve only one of multiple addresses listed on Energetic Interactions' registration, its efforts to serve were not reasonably diligent.

Moreover, B&B has not shown its proposed methods of service are reasonably calculated to apprise Energetic Interactions of this action. B&B does not explain why mail service to an address at which it has not attempted physical service is reasonably calculated to apprise Energetic Interactions of this action. B&B also asserts mail and email service on Mr. Daniel is

---

[47] (*See* Ex. J to Mot., Energetic Interactions Cal. Profile, Doc. No. 50-10 at 2.)

[48] (*See* Mot. 6, Doc. No. 50; Ex. K to Mot., Energetic Interactions Non-Serv. Aff., Doc. No. 50-11 at 2.)

[49] (*See* Ex. K to Mot., Energetic Interactions Non-Serv. Aff., Doc. No. 50-11 at 2.)

[50] (*See* Ex. J to Mot., Energetic Interactions Cal. Profile, Doc. No. 50-10 at 2.)

[51] (*See* Mot. 10, Doc. No. 50.)

reasonably calculated to apprise Energetic Enterprises of this action because the entity's registration lists Mr. Daniel as its agent.[52] But that registration was "[t]erminated" in 2017, and the entity's initial filing date was in 2009.[53] Given the more than six-year lapse in the entity's termination and B&B's failure to attempt service at the other address listed on the registration, B&B failed to show service on Energetic Interactions by mail and on Mr. Daniel via mail and email is reasonably calculated to apprise Energetic Interactions of this action.

*Elevated Artisans*: B&B's efforts to serve Elevated Artisans were not reasonably diligent. Elevated Artisans is registered in both Minnesota and Nevada, with the same Las Vegas, Nevada address listed in both jurisdictions (listed at Suite B150 in Minnesota, and Suite B in Nevada).[54] A process server attempted to serve Elevated Artisans at the address, but an office assistant at the address refused service and said Elevated Artisans was dissolved.[55] B&B now proposes service by mail at the address listed on a trademark registered to Elevated Artisans, despite having made no attempt to physically serve the company at this address.[56] Similarly, B&B proposes to serve Elevated Artisans by mail at an officer's address listed on its Nevada registration, despite having made no attempt to physically serve the company or officer

---

[52] (*Id.* at 9.)

[53] (*See* Ex. J to Mot., Energetic Interactions Cal. Profile, Doc. No. 50-10 at 2.)

[54] (Mot. 6, Doc. No. 50.)

[55] (*Id.*; *see* Ex. M to Mot., Elevated Artisans Non-Serv. Aff., Doc. No. 50-13 at 2.)

[56] (*See* Mot. 10, Doc. No. 50; Ex. S to Mot., Elevated Artisans Trademark Registration, Doc. No 50-19 at 2.) This is also the same Pennsylvania address listed on Energetic Interactions' expired registration. (*See* Ex. J to Mot., Energetic Interactions Cal. Profile, Doc. No. 50-10 at 2.)

at this address.[57] Where B&B has not attempted physical service at either of the addresses at which it seeks to serve Elevated Artisans by mail, its efforts to serve Elevated Artisans were not reasonably diligent.

Moreover, B&B has not shown its proposed methods of service are reasonably calculated to apprise Elevated Artisans of this action. B&B does not explain why mail service to an address at which it has not attempted physical service is reasonably calculated to apprise Elevated Aristans of this action. B&B also asserts mail and email service on Mr. Daniel is reasonably calculated to apprise Elevated Artisans of this action because Mr. Daniel is the signor on two Elevated Artisans bank accounts from 2017 and 2020, and because Mr. Daniel is also the owner of a trademark for Elevated Artisans filed in 2016.[58] However, without more, these three-, six-,

---

[57] (*See* Mot. 10, Doc. No. 50; Ex. L. to Mot., Elevated Artisans Minn. & Cal. Profiles, Doc. No. 50-12 at 3.) B&B also has not attempted to locate or serve either of the officers listed on Elevated Artisans' registration—"Zavala Trust" and "Appleton Trust." (*See* Ex. L. to Mot., Elevated Artisans Minn. & Cal. Profiles, Doc. No. 50-12 at 4.)

[58] (*See* Mot. 9, Doc. No. 50; Ex. R, Alpine & BofA Signature Cards, Doc. No. 50-18.)

and seven- year-old connections are insufficient to show service on Mr. Daniel via mail and email is reasonably calculated to apprise Elevated Artisans of this action.

## CONCLUSION

Because B&B has either failed to diligently attempt service or propose reasonably calculated service for each defendant, B&B's motion for alternative service[59] is DENIED without prejudice.

DATED this 15th day of November, 2023.

BY THE COURT:

_Daphne A. Oberg_
Daphne A. Oberg
United States Magistrate Judge

---

[59] (Doc. No. 50.)